# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 25-mj-1266 |
| ELIJAH MILLAR | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 14, 2025__ in the county of __Davidson__ in the __Middle__ District of __Tennessee__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(4) | Unlawful possession of a firearm by an individual who has been adjudicated as a mental defective or has been committed to any mental institution at 16 years of age or older |

This criminal complaint is based on these facts:

Please see the attached statement in support of criminal complaint.

☑ Continued on the attached sheet.

/s/ Zachariah Fisher
*Complainant's signature*

FBI SA Zachariah Fisher
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by <u>telephone</u> (specify reliable electronic means).

Date: June 20, 2025

*Judge's signature*

City and state: NASHVILLE, TN

Barbara D. Holmes, United States Magistrate Judge
*Printed name and title*

# STATEMENT IN SUPPORT OF A CRIMINAL COMPLAINT

1. I, Zachariah Fisher, am a Special Agent with the Federal Bureau of Investigation ("FBI") assigned to the Nashville Field Office and have been so employed since September of 2012. As an FBI Special Agent, I investigate acts of domestic and international terrorism, weapons of mass destruction violations, threats of violence, and other violations of federal law. Throughout my career as an FBI Special Agent, I also have experience investigating violations of federal law related to firearms, controlled substances, financial fraud, and other federal criminal violations. As an FBI Special Agent, I am authorized by law to engage in or supervise the prevention, investigation, or prosecution of violations of federal criminal laws.

2. I make this statement in support of a criminal complaint charging Elijah MILLAR with possession of a firearm by an individual who has been adjudicated as a mental defective or has been committed to any mental institution at 16 years of age or older, in violation of Title 18, United States Code, Section 922(g)(4). Specifically, I submit, as summarized below, that there is probable cause to believe that MILLAR possessed a firearm in the Middle District of Tennessee on or about June 15, 2025, after he had been adjudicated as a mental defective or had been committed to any mental institution.

3. The facts in this statement come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This statement is intended to show merely that there is sufficient probable cause to charge MILLAR with violating Title 18, United States Code, Section 922(g)(4), and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4. On June 14, 2025, thousands of people gathered on the Bicentennial Mall in downtown Nashville for a "No Kings Day" rally, which was one of more than 2,000 similar events occurring across the country in response to a military parade being held by President Donald Trump in Washington D.C. later that same day.[1] Protesters gathered peacefully at the amphitheater at Bicentennial Mall before marching down to Jefferson Street where they lined the road chanting at passersby and carrying signs opposing everything from proposed cuts to Medicaid to recent immigration enforcement actions.

5. During the protests, Metro Nashville Police Department ("MNPD") officers were alerted to a man dressed all in black, wearing a mask, and carrying a firearm amongst the protestors. According to witnesses, the armed individual, later identified as Elijah MILLAR, announced that he had a firearm and was spitting on/at nearby protestors, which led individuals to flee from the area and alert officers to MILLAR. As officers approached MILLAR, in the vicinity of an intersection near the Bicentennial Mall, he was brandishing a firearm and yelling at nearby protestors. MNPD officers disarmed MILLAR and took him into custody.

6. The firearm seized from MILLAR was identified as a Sig Sauer model P230 caliber 9mm kurz pistol imported by Sig Arms Inc. An interstate nexus expert examined the seized firearm and determined that it was manufactured outside the State of Tennessee; and therefore, at some point in time, traveled in and affected interstate or foreign commerce.

---

[1] Background information regarding the "No Kings" protest taken from local Nashville news reporting. *See, e.g.,* Braden Ross, *"Everybody is here for the same reason": Thousands attend 'No Kings' Rally in Nashville*, WSMV4, *available at* https://www.wsmv.com/2025/06/14/everybody-is-here-same-reason-thousands-attend-no-kings-rally-nashville/

7. On October 14, 2023, the Chancery Court for Rutherford County, Tennessee entered an Order appointing an emergency conservator for MILLAR. In the Order, the court held that MILLAR needed an emergency conservator "and that without the appointment of such he [MILLAR] is at risk of substantial harm to his health, safety, and welfare." The court also found that MILLAR was "a disabled person needing care and protection under the law and is in need of an Emergency Conservator until such time as he may appear before the Court . . ." The Order also stated that "[MILLAR] is prohibited from shipping, transporting, receiving, or possession of a firearm."

8. On September 9, 2024, MILLAR and his proposed conservator appeared before a Chancery Court Judge in Rutherford County. On September 23, 2024, the Chancery Court Judge issued an "Agreed Order for Limited Conservatorship" of MILLAR. The court found that MILLAR was a "person with a disability as defined by T.C.A. § 34-1-101, is in need of a Conservator, and that without the appointment of such he is at risk of substantial harm to his health, safety, and welfare." Tennessee Code Annotated § 34-1-101 defines a "[p]erson with a disability" as "any person eighteen (18) years of age or older determined by the court to be in need of partial or full supervision, protection, and assistance by reason of mental illness, physical illness or injury, developmental disability, or other mental or physical incapacity."

9. The Agreed Order also made a separate explicit finding that MILLAR was "a disabled person needing care and protection under the law and is in need of a Conservator."

10. The Agreed Order significantly restricted MILLAR's access to firearms and outlined that:

   a. "[F]or the purchase of guns, firearms, or weapons of any kind, [MILLAR] is required (a) to save for the purchase and (b) obtain the necessary safe storage, insurance and safe location for the keeping of any weapons, and (c) is required to provide access and control over any storage of weapons to the Conservator."

      b. MILLAR was "required to give notice to the Conservator that he intends to purchase a weapon and must be accompanied by the Conservator or his step-father to the sale."

      c. MILLAR "shall not purchase or store weapons of any kind without the express knowledge and consent of the Conservator."

11. Three days after his arrest at the No Kings Day" rally, on June 16, 2025, Murfreesboro Police Department ("MPD") officers responded to MILLAR's residence. MPD officers encountered MILLAR outside of his residence, stopped him from reentering his residence, and searched him. During the search, MPD officers recovered a loaded 9mm firearm from his waistband and a loaded magazine from his pocket.

12. Based on the foregoing facts, probable cause exists to believe that Elijah MILLAR knowingly possessed a firearm in violation of Title 18, United States Code, Section 922(g)(4).